Jonathan W. Charnitski (Admitted Pro Hac Vice)
Andy Brown & Associates, PLLC
1025 Springdale Road, Suite 11F
Austin, TX 78721
Telephone: 512-524-1595
Facsimile: 512-681-7033
Email:  jcharnitski@bbatx.com

Julio Joaquin Ramos (SBN 189944)
35 Grove Street, Suite 107
San Francisco, CA 94102-4702
Telephone: 415-948-3015
Email: ramoslawgroup@yahoo.com

*Attorneys for Defendants, DoStuff Media, LLC and Scott Kennedy Owens*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DAVID OPPENHEIMER,

    Plaintiff,

vs.

JORDAN SETH KURLAND; DOTHEBAY, LLC; DOSTUFF MEDIA, LLC; SCOTT KENNEDY OWENS, and NOISE POP INDUSTRIES, LLC,

    Defendants.

Case No.: 3:20-cv-5690

**ORIGINAL ANSWER OF DOSTUFF MEDIA, LLC, AND SCOTT KENNEDY OWENS**

Defendants, DOSTUFF MEDIA, LLC ("DoStuff"), and SCOTT KENNEDY OWENS ("Owens"), file this, their Answer to Plaintiff's Complaint for Copyright Infringement ("Complaint").

**I. DEFENSES**

Defendants deny each and every allegation contained in the Complaint, except as hereinafter may be expressly admitted. Defendants assert the affirmative defenses of laches, waiver, and even if Plaintiff proves any violation of trademarks, Defendants did not do so willfully nor intentionally as alleged by Plaintiff.

Original Answer of DoStuff Media, LLC, and Scot Kennedy Owens
*Case No. 3:20-cv-5690, Oppenheimer v. Kurland, et al.*
Page 1 of 8

## II. RESPONSES

In response to the numbered paragraphs and sentences of the Complaint, Defendants admit, deny, or otherwise respond as follows:

1. With respect to the allegations of paragraph 1 of Plaintiff's Complaint, the allegations are Plaintiff's characterizations of his own Complaint, and do not require response.

2. Defendants admit the jurisdictional allegations in paragraph 2.

3. Defendants admit the intradistrict assignment allegation in paragraph 3.

4. Defendants are without sufficient information to either admit or deny the allegations in paragraph 4.

5. Defendants are without sufficient information to either admit or deny the allegations in paragraph 5.

6. Defendants are without sufficient information to either admit or deny the allegations in paragraph 6.

7. Defendants deny that Defendant DoStuff maintains an office in California. Plaintiff's prognostications regarding service are merely that and require no response. Defendants admit the remaining allegations in paragraph 7.

8. Plaintiff's prognostications regarding service are merely that and require no response. Defendants admit the remaining allegations in paragraph 8.

9. Defendants are without sufficient information to either admit or deny the allegations in paragraph 9.

10. Defendants are without sufficient information to either admit or deny the allegations in paragraph 10.

11. Defendants are without sufficient information to either admit or deny the allegations in paragraph 11.

Original Answer of DoStuff Media, LLC, and Scot Kennedy Owens
*Case No. 3:20-cv-5690, Oppenheimer v. Kurland, et al.*
Page 2 of 8

12. Defendants are without sufficient information to either admit or deny the allegations in paragraph 12.

13. Defendants are without sufficient information to either admit or deny the allegations in paragraph 13.

14. Defendants deny they received notice that the images at issue were copyrighted-protected. Defendants are without sufficient information to either admit or deny the remaining allegations in paragraph 14.

15. Defendants admit that DoStuff owns and, to a limited extent, operates the website dothebay.com and that dothebay.com is part of a network of similar websites. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 15.

16. Defendants are without sufficient information to either admit or deny the allegations in paragraph 16.

17. Defendants are without sufficient information to either admit or deny the allegations in paragraph 17.

18. Defendants are without sufficient information to either admit or deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19, insofar as the allegations are directed at DoStuff and/or Owens.

20. Defendants admit the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. The statement in paragraph 22 is intended to incorporate prior statements and does not require a response.

23. Defendants deny the allegations in paragraph 23.

Original Answer of DoStuff Media, LLC, and Scot Kennedy Owens
*Case No. 3:20-cv-5690, Oppenheimer v. Kurland, et al.*
Page 3 of 8

24. Defendants deny the allegations in paragraph 24.

25. The statement in paragraph 25 is intended to incorporate prior statements and does not require a response.

26. Defendants deny the allegations in paragraph 26.

27. Defendants are without sufficient information to either admit or deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. The statement in paragraph 30 is intended to incorporate prior statements and does not require a response.

31. Defendants are without sufficient information to either admit or deny the allegations in paragraph 31.

32. Defendants are without sufficient information to either admit or deny the allegations in paragraph 32.

33. Defendants admit that Owens was "an officer, director, manager, registered agent and/or other genre of controlling principal… of/for DoStuff" at all times relevant to this suit. Defendants deny the remaining allegations in paragraph 33.

34. Defendants admit the allegation in paragraph 34 to the extent that Owens is a manager and officer of DoStuff and exerts authority typical of that position. Defendants deny the remaining allegations in this paragraph.

35. Defendants deny the allegations in paragraph 35.

36. The statement in paragraph 36 is intended to incorporate prior statements and does not require a response.

37. Defendants deny the allegations in paragraph 37.

Original Answer of DoStuff Media, LLC, and Scot Kennedy Owens
*Case No. 3:20-cv-5690, Oppenheimer v. Kurland, et al.*
Page 4 of 8

38. Defendants admit the allegation in paragraph 34 to the extent that Owens is a manager and officer of DoStuff and exerts authority typical of that position. Defendants are without sufficient information to either admit or deny the allegations in paragraph 32 as they relate to Defendant Kurland's involvement in entities other than DoStuff. Defendants deny the remaining allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. The statement in paragraph 41 is intended to incorporate prior statements and does not require a response.

42. Defendants are without sufficient information to either admit or deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants are without sufficient knowledge to admit or deny allegations regarding the alleged manipulation of the Work or timing thereof. Defendants deny the remaining allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Paragraph 49 constitutes a demand, and therefore requires no response. To the extent that paragraph 49 makes factual allegations, Defendants deny such allegations.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

Original Answer of DoStuff Media, LLC, and Scot Kennedy Owens
*Case No. 3:20-cv-5690, Oppenheimer v. Kurland, et al.*
Page 5 of 8

53. Defendants deny the allegations in paragraph 53.

54. The statements in paragraph 54 are Plaintiff's demand for judgment and do not require a response from Defendants.

55. The statements in paragraph 55 are Plaintiff's demand for judgment and do not require a response from Defendants.

56. The statements in paragraph 56 are Plaintiff's demand for judgment and do not require a response from Defendants.

57. The statements in paragraph 57 are Plaintiff's demand for judgment and do not require a response from Defendants.

58. The statements in paragraph 58 are Plaintiff's demand for judgment and do not require a response from Defendants.

59. The statements in paragraph 59 are Plaintiff's demand for judgment and do not require a response from Defendants.

60. The statements in paragraph 60 are Plaintiff's demand for judgment and do not require a response from Defendants.

61. The statements in paragraph 61 are Plaintiff's demand for judgment and do not require a response from Defendants.

62. The statements in paragraph 62 are Plaintiff's demand for judgment and do not require a response from Defendants.

### III.  AFFIRMATIVE DEFENSES

#### First Defense

63. Defendants affirmatively plead the affirmative defense of fair use under 17 U.S.C. § 107. In support, Defendants allege:

Original Answer of DoStuff Media, LLC, and Scot Kennedy Owens
*Case No. 3:20-cv-5690, Oppenheimer v. Kurland, et al.*
Page 6 of 8

64. The purpose and character of the image as displayed on the Website was presented primarily for news and/or informational value.

65. The purpose and character of the work as displayed on the Website was not commercial, or only nominally commercial.

66. There was no effect on the market value of the Photographs.

67. At all relevant times, there has been no potential market for the Photographs.

68. At all relevant times, there has been no market value for the Photographs.

### Second Defense

69. To the extent that Defendants are found to have infringed Plaintiff's Photographs, Defendants plead they were not aware and had no reason to believe their acts constituted infringement and are thus innocent infringers pursuant to 17 U.S.C. § 504. In support, Defendants allege:

70. The image displayed on dothebay.com was obtained automatically by software from the website of the venue where the musicians displayed were scheduled to perform.

71. The image, as received by Defendants, bore no copyright notice or other indicia that Plaintiff or any other legal person held a copyright on it.

### REQUEST FOR RELIEF

WHEREFORE, Defendants, DoStuff Media, LLC and Scott Kennedy Owens, respectfully request that the Court enter an Order that (1) Plaintiff take nothing by his suit, or that Plaintiff be adjudged no more than $200 per instance of infringement; (2) taxes all costs against Plaintiff; (3) awards to Defendants all reasonable fees, costs, and expenses as specifically provided by the federal Trademark Act; and (4) awards to Defendants such other and further relief to which they may be justly entitled.

Original Answer of DoStuff Media, LLC, and Scot Kennedy Owens
*Case No. 3:20-cv-5690, Oppenheimer v. Kurland, et al.*
Page 7 of 8

Respectfully submitted,

ANDY BROWN & ASSOCIATES, PLLC

By: */s/ Jonathan W. Charnitski*
Jonathan W. Charnitski (admitted Pro Hac Vice)
1025 Springdale Road, Suite 11F
Austin, TX 78721
Telephone: 512-524-1595
Facsimile: 512-681-7033
Email: jcharnitski@bbatx.com

Julio Joaquin Ramos (SBN 189944)
35 Grove Street, Suite 107
San Francisco, CA 94102-4702
Telephone: 415-948-3015
Email: ramoslawgroup@yahoo.com

*Attorneys for Defendants, DoStuff Media, LLC and Scott Kennedy Owens*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served pursuant to the Federal Rules of Civil Procedure on the 2nd day of October, 2020, upon the attorneys of record for all parties to the above cause.

*/s/ Jonathan W. Charnitski*
Jonathan W. Charnitski

Original Answer of DoStuff Media, LLC, and Scot Kennedy Owens
*Case No. 3:20-cv-5690, Oppenheimer v. Kurland, et al.*
Page 8 of 8