Ken Freundlich (SBN 119806)
FREUNDLICH LAW
16133 Ventura Boulevard, Suite 645
Encino, CA 91436
Telephone: 310-275-5350
Facsimile: 310-275-5351
Email: ken@freundlichlaw.com

Attorneys for Defendants Jordan Seth Kurland and Noise Pop Industries, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

DAVID OPPNEHEIMER,

Plaintiff,

v.

JORDAN SETH KURLAND, DOTHEBAY, LLC, DOSTUFF MEDIA, LLC, SCOTT KENNEDY OWENS, and NOISE POP INDUSTRIES, LLC

Defendants.

Case No. 3:20-cv-05690-JCS

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS JORDAN SETH KURLAND AND NOISE POP INDUSTRIES, LLC**

**DEMAND FOR JURY TRIAL**

Defendants Jordan Scott Kurland ("Kurland") and Noise Pop Industries, LLC ("Noise Pop") by and through their undersigned counsel, hereby answer the Complaint ("Complaint") of David Oppenheimer ("Plaintiff"). Each individual defendant responds to the allegations only insofar as they pertain to that particular defendant and not as to any other defendant. If an averment is not specifically admitted, it is hereby denied.

## JURISDICTION/VENUE

1. The allegations of paragraph 1 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore deny the allegations on that basis.

2. The allegations of paragraph 2 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore deny the allegations on that basis.

## INTRADISTRICT ASSIGNMENT

3. The allegations of paragraph 3 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore deny the allegations on that basis.

## THE PARTIES

4. Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore deny the allegations on that basis.

5. Kurland and Noisepop admit that Kurland is an individual and citizen of the State of California and a Manager and registered agent of Defendant Noise Pop. Kurland and Noisepop deny that Kurland is either an officer, owner, manager and/or

other principal of named Defendant Dothebay because Dothebay is not an active company but merely a dba of Noise Pop.

6. Kurland and Noise Pop admit that Noise Pop formed the California limited liability company called Dothebay, but that no business was ever conducted under this company. Except as expressly admitted, Kurland and Noise Pop deny the allegations of paragraph 6.

7. Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore deny the allegations on that basis.

8. Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore deny the allegations on that basis.

9. Kurland and Noise Pop admit that Noise Pop is a limited liability company organized under the laws of the State of California.

## INTRODUCTORY FACTS

10. The allegations of paragraph 10 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore deny the allegations on that basis.

11. Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore deny the allegations on that basis.

12. The allegations of paragraph 12 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop admit that Exhibit 2 appears to be a copy of a copyright registration certificate bearing registration no. VAu 1-102-552, but lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 12, and therefore deny such allegations on that basis.

13. The allegations of paragraph 13 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore deny the allegations on that basis.

14. The allegations of paragraph 14 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore deny the allegations on that basis.

15. The allegations of paragraph 15 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop admit that Exhibit 3 appear to be a copy of certain pages from the website located at www.dothebay.com, which appears to be from September 2017, and that Dostuff owns and operates the website www.dothebay.com, deny knowledge and information as to whether it is "part of its network of companies and websites stemming from www.dostuffmedia.com," and on that basis deny such allegation, and deny the truth of the remaining allegations in paragraph 15.

16. Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore deny the allegations on that basis.

17. The allegations of paragraph 17 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations of paragraph 17.

18. Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore deny the allegations on that basis.

19. Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore deny the allegations on that basis.

20. Kurland and Noise Pop admit that Exhibit 5 appears to be a copy of a letter from Dana Andrew LeJune, Attorney at Law, to, *inter alia*, Kurland and Noise Pop. The accusations in the letter referenced by the allegations of paragraph 20 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations of paragraph 20

21. Kurland and Nose Pop deny the allegations of paragraph 21.

**CAUSES OF ACTION**

**COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT**

22. Kurland and Noise Pop incorporate by reference their respective responses to paragraphs 1 through 20 above as if they were fully set forth herein.

23. The allegations of paragraph 23 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Nose Pop deny the allegations of paragraph 23.

24. The allegations of paragraph 24 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Nose Pop deny the allegations of paragraph 24.

**COUNT II – WILLFUL COPYRIGHT INFRINGEMENT**

25. Kurland and Noise Pop incorporate by reference their respective responses to paragraphs 1 through 23 above as if they were fully set forth herein.

26. The allegations of paragraph 26 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations of paragraph 26.

27. The allegations of paragraph 27 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore deny the allegations on that basis.

28. The allegations of paragraph 28 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations of paragraph 28.

29. The allegations of paragraph 29 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations of paragraph 29.

**COUNT III – VICARIOUS LIABLITY INFRINGEMENT**

30. Kurland and Noise Pop incorporate by reference their respective responses to paragraphs 1 through 28 above as if they were fully set forth herein.

31. The allegations of paragraph 31 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations of paragraph 31.

32. The allegations of paragraph 32 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations of paragraph 32.

33. The allegations of paragraph 33 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny that there were any “infringing acts” and lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and therefore such remaining allegations

34. The allegations of paragraph 34 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny there were any “infringements” or “infringing activities,” but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 and on that basis, Kurland denies the remaining allegations of paragraph 34.

35. The allegations of paragraph 35 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations of paragraph 35.

**COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT**

36. Kurland and Noise Pop incorporate by reference their respective responses to paragraphs 1 through 34 above as if they were fully set forth herein.

37. The allegations of paragraph 37 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland denies the allegations of paragraph 37 to the extent they are alleged against him, and Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 37 and on that basis, Kurland and Noise Pop deny such allegations of paragraph 37.

38. The allegations of paragraph 38 contain conclusions of law to which no responsive pleading is required. To the extent a response is required Kurland and Noise Pop deny the allegations of paragraph 38 to the extent they are alleged against them, and Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 38 and on that basis, Kurland and Noise Pop deny such remaining allegations of paragraph 38.

39. Kurland and Noise Pop incorporate by reference their respective responses to paragraphs 20 through 27 above as if they were fully set forth herein. The allegations of paragraph 39 contain conclusions of law to which no responsive pleading is required. To the extent a response is required Kurland and Noise Pop denies the allegations of paragraph 39 to the extent they are alleged against them, and Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 39 and on that basis, Kurland and Noise Pop deny such remaining allegations of paragraph 39.

40. The allegations of paragraph 40 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations of paragraph 40.

**COUNT V – VIOLATIONS OF DIGITAL MILLENNIUM COPYRIGHT ACT**

41. Kurland and Noise Pop incorporate by reference their respective responses to paragraphs 1 through 39 above as if they were fully set forth herein.

42. The allegations of paragraph 42 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny that "one or both of the Defendants, or third parties at their direction and behest (discovery will reveal which), violated the DMCA by removing Oppenheimer's CMI," and as for the remainder of the allegations of paragraph 42, Kurland and Noise Pop lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42 and on that basis, Kurland and Noise Pop deny such remaining allegations.

43. The allegations of paragraph 43 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations in paragraph 43.

44. The allegations of paragraph 44 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations of paragraph 44.

45. The allegations of paragraph 45 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations in paragraph 45.

46. The allegations of paragraph 46 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations in paragraph 46.

47. The allegations of paragraph 47 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Kurland and Noise Pop deny the allegations in paragraph 47.

**CAUSATION/DAMAGES**

48. The allegations of paragraph 48 contain conclusions of law to which no responsive pleading is required. To the extent a response is required Kurland and Noise Pop deny the allegations in paragraph 48.

**RELIEF REQUESTED**

49. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 49 and that Plaintiff is entitled to any relief.

50. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 50 and that Plaintiff is entitled to any relief.

51. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 51 and that Plaintiff is entitled to any relief.

52. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 52 and that Plaintiff is entitled to any relief.

53. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 53 and that Plaintiff is entitled to any relief.

**Oppenheimer DEMANDS JUDDGMENT**

54. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 54 and that Plaintiff is entitled to any relief.

55. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 55 and that Plaintiff is entitled to any relief.

56. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 56 and that Plaintiff is entitled to any relief.

57. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 57 and that Plaintiff is entitled to any relief.

58. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 58 and that Plaintiff is entitled to any relief.

59. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 59 and that Plaintiff is entitled to any relief.

60. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 60 and that Plaintiff is entitled to any relief.

61. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 61 and that Plaintiff is entitled to any relief.

62. To the extent a response is required to this request for relief, Kurland and Noise Pop deny the allegations in paragraph 62 and that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, but without admitting, acknowledging, or otherwise conceding they bear the burdens of proof and/or persuasion on any of the following issues, Noise Pop and Kurland (individually and collectively, the "Answering Defendants") allege as follows:

**First Affirmative Defense**

**(Failure to State a Claim)**

The Complaint and each claim for relief therein, in whole or in part, fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**

**(Innocent Intent)**

Answering Defendants' use, if any, of the photographic image at issue was done with an innocent intent and without any belief that its acts constituted an infringement of copyright.

**Third Affirmative Defense**

**(License/Implied License)**

Plaintiff's claims fail in whole or part because, by the defense of license and/or implied license.

**Fourth Affirmative Defense**

**(Fair Use)**

Plaintiff's claims fail in whole or part because, to the extent Plaintiff's work allegedly was used, such use was transformative and constituted "fair use" under 17 U.S.C. § 107.

**Fifth Affirmative Defense**

**(First Amendment)**

Plaintiff's claims fail in whole or part because, to the extent Plaintiff's work allegedly was used such use was protected by the First Amendment of the U.S. Constitution.

**Sixth Affirmative Defense**

**(Estoppel)**

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**Seventh Affirmative Defense**

**(Public Domain)**

Plaintiff's claims fail in whole or part because, to the extent Plaintiff's work allegedly was used, the use was limited to material in the public domain that is not protectable under copyright.

**Eighth Affirmative Defense**

**(Lack of Standing)**

Plaintiff's claims fail in whole or part to the extent that Plaintiff's alleged rights in their work are owned or otherwise controlled by third parties other than Plaintiffs.

**Ninth Affirmative Defense**

**(Lack of Valid Copyright Registration)**

To the extent Plaintiff failed to comply with the provisions of 17 U.S.C. §§ 411(a) and/or 412, and/or failed to register their work prior to the Defendants' alleged acts of purported copyright infringement, Plaintiff's copyright claims are barred in whole or in part, including as to statutory damages and attorneys' fees.

**Tenth Affirmative Defense**

**(Failure to Mitigate Damages)**

Plaintiff is barred from recovery of damages because of and to the extent of his failure to mitigate his alleged damages.

**Eleventh Affirmative Defense**

**(Failure to Mitigate Damages)**

Plaintiff is barred from recovery of damages because of and to the extent of his failure to mitigate his alleged damages.

**Twelfth Affirmative Defense**

**(No Causation)**

Plaintiff did not suffer any harm as a result of any acts or omissions of Answering Defendants as alleged in the Complaint or otherwise, and any purported

damages or harm to Plaintiff was the result of causes other than the acts or omissions of Answering Defendants.

**Thirteenth Affirmative Defense**

**(No Attributable Profits)**

To the extent Plaintiff seeks the recovery of profits or revenues of Answering Defendants, there were no such sales, revenues or profits attributable to or that can be allocated or apportioned based upon the acts of infringement alleged in the Complaint.

**Fourteenth Affirmative Defense**

**(Statutes of Limitations)**

Plaintiff's remedies are barred, in whole or in party, by the three-year statutes of limitation set forth under 17 U.S.C. §507.

**Fifteenth Affirmative Defense**

**(Lack of Volitional Conduct)**

Plaintiff's claims are barred, in whole or in part, due to the lack of volitional conduct by Answering Defendants.

**Sixteenth Affirmative Defense**

**(Waiver)**

Plaintiff may not recover, in whole or in part, because he has waived his claims and/or rights to some or all of the relief sought.

**Seventeenth Affirmative Defense**

**(Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**Eighteenth Affirmative Defense**

**(Copyright Misuse)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright misuse.

**Nineteenth Affirmative Defense**

**(Digital Millennium Copyright Act Safe Harbor)**

Plaintiff's claims are barred, in whole or in part, under the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512(c).

**PRAYER FOR RELIEF**

WHEREFORE, Kurland and Noise Pop pray as follows:

1. That Plaintiff takes nothing by way of the Complaint against Kurland and Noise Pop, and the action be dismissed with prejudice;

2. That judgment be entered in favor of Kurland and Noise Pop and against Plaintiff with respect to all claims in the Complaint relating to Kurland and Noise Pop;

3. That the Court award Kurland and Noise Pop for their attorneys' fees and all other costs reasonably incurred in defense of this action to the extent provided for by law; and

4. That the Court award such other relief that it deems just and proper to Kurland and Noise Pop.

Dated: October 2, 2020

FREUNDLICH LAW

By: Kenneth D Freundlich
Kenneth D. Freundlich
Attorneys for Defendants Jordan Seth Kurland and Noise Pop Industries, LLC

**DEMAND FOR JURY TRIAL**

Defendants Jordan Seth Kurland and Noise Pop Industries, LLC hereby request a jury trial on all issues so triable.

Dated: October 2, 2020

FREUNDLICH LAW

By: Kenneth D. Freundlich

Kenneth D. Freundlich
Attorneys for Defendants Jordan Seth Kurland and Noise Pop Industries, LLC